# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JAMES ACKMAN, )
)
    Plaintiff, )
) No. 06 C 1110
vs. )
) Magistrate Judge Schenkier
MICHAEL ASTRUE, Commissioner )
of Social Security, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

On February 28, 2006, plaintiff, James F. Ackman, filed this action seeking review of a decision denying his petition for social security disability benefits. Pursuant to the consent of the parties and 28 U.S.C. § 636, on February 8, 2007, the case was reassigned to this Court for all proceedings, including the entry of final judgment (doc. # 26-28). Thereafter, pursuant to the stipulation of the parties (doc. # 29), on February 23, 2007, the Court reversed the Commissioner's decision and remanded the case pursuant to the fourth sentence of 42 U.S.C. § 405(g) (doc. # 31). On March 22, 2007, again pursuant to stipulation of the parties (doc. # 33), the Court awarded plaintiff attorney's fees in the amount of $7,250.00 pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412 (doc. # 34).

The proceedings on remand have now concluded, with Mr. Ackman obtaining a finding of disability and an award of benefits. That victory at the administrative level has now prompted plaintiff to file a petition for attorney's fees pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) (doc. # 35). Pursuant to a briefing schedule set by the Court, on October 6, 2008, the Commissioner responded to the motion (doc. # 38). On October 13, 2008, Mr. Ackman

filed a reply memorandum (doc. # 41), as well as a motion to amend the original petition (doc. # 39). On October 21, 2008, the Court entered an order granting the motion to amend the petition, and, based on the representation of the parties that no briefing was required as a result of the amendment to the petition, ordered the briefing closed (doc. # 42). For the reasons that follow, we grant the amended petition for attorney's fees; in light of the amended petition, we strike the original petition (doc. # 35) as moot.

I.

On September 30, 2008, the Social Security Administration issued a letter awarding past due benefits to Mr. Ackman in the amount of $88,695.00 (Amended Petition, Ex. A). That award corrected an earlier calculation by the Social Security Administration of past due benefits in the amount of $65,268.00 (Original Petition, Ex. A). Plaintiff's counsel has demonstrated that he entered into a contingent fee contract with Mr. Ackman, whereby Mr. Ackman agreed that 25 percent of any past due benefits awarded would be paid to his attorney for fees (with an offset for any Court award of fees under EAJA (Amended Petition, Ex. D; Original Petition, Ex. E).

Based on the award of past due benefits of $88,695.00, plaintiff's counsel seeks an award of $22,173.75 in fees (representing 25 percent of the award) (Amended Petition, ¶ 2). Plaintiff's counsel further requests that $7,250.00 be deducted from that amount, as a result of the EAJA award he earlier received (*Id.*, ¶ 3). Thus, plaintiff's counsel seeks a net award of $14,923.75.

In its brief, defendant does not dispute that Mr. Ackman is a prevailing party. Nor does defendant challenge the reasonableness of the amount of fees that plaintiff's counsel seeks, which in any event defendant would be hard pressed to do in light of the excellent results that plaintiff's counsel achieved. Plaintiff's counsel obtained for Mr. Ackman a substantial award of past due

benefits; prevailed on the Social Security Administration to correct an error in calculation, which resulted in increasing those benefits from $65,268.00 to $88,695.00; and obtained for Mr. Ackman substantial future life time benefits (*see* Amended Petition, ¶ 9).

Defendant's only basis for opposing the award is the argument that an appeal was premature. In its brief, defendant argued that at the time plaintiff's counsel filed the original petition, there remained a dispute with the Social Security Administration as to the correct calculation of past due benefits, which the Social Security Administration originally said amounted to $65,268.00. Defendant argued that rather than presenting to this Court the contention that the Social Security Administration erred in the calculation, and asking the Court to award fees based on what plaintiff contended was the correct calculation, plaintiff's counsel should have challenged the alleged calculation error through administrative channels (Def.'s Response at 2-3). That argument has been rendered moot by the fact that, during the pendency of the petition, the Social Security Administration recognized the error and issued an award of past due benefits in the amount of $88,695.00. That determination now forms the basis for the fee request by plaintiff's counsel. Thus, as the matter is now postured, there is no further dispute that needs to be resolved through administrative channels.

Given the excellent results that plaintiff's counsel achieved for Mr. Ackman, and the fact that the amount sought in fees in the amended petition (after adjusting for the prior EAJA award) would constitute just short of 17 percent of the past due benefits awarded to Mr. Ackman ($14,923.75 ÷ $88,695.00), we find that the fee request is reasonable and grant the request in the full amount sought.

## CONCLUSION

For the foregoing reasons, the amended petition for attorney's fees (doc. # 39) is granted. We award plaintiff's counsel a total of $22,173.75 in attorney's fees which, after deducting $7,250.00 to account for the prior EAJA fee award to plaintiff's counsel, results in a balance payable of $14,923.75 to counsel from plaintiff's past-due benefits. In light of this ruling, the original petition (doc. # 35) is denied as moot.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: October 30, 2008